UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#45; JS-6 (lc)

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10012 PSG (JEMx) | Date | June 5, 2013 |
|---|---|---|---|
| | CV 12-4270 PSG (JEMx) | | |
| | CV 12-4036 PSG (JEMx) | | |
| Title | Pi-Net International, Inc. v. The Hertz Corporation, et al. | | |
| | Pi-Net International, Inc. v. Dollar Thrifty Auto Group, Inc., et al. | | |
| | Pi-Net International, Inc. v. Avis Budget Group, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:      (In Chambers) Order GRANTING Motion to Stay**

Defendants The Hertz Corporation and Hertz Global Holdings, Inc. (collectively, "Hertz"); Dollar Thrifty Automotive Group, Inc., Dollar Rent A Car, Inc., and Thrifty, Inc. (collectively, "Dollar Thrifty"); and Avis Budget Group, Inc. and Avis Budget Car Rental, LLC (collectively, "Avis") (collectively, "Defendants") filed three separate motions to stay litigation pending *inter partes* review of U.S. Patent Nos. 5,987,500 ("the '500 Patent") and 8,108,492 ("the '492 Patent"). *See* CV 12-10012 PSG (JEMx), Dkt. # 23; CV 12-4036 PSG (JEMx), Dkt. # 36; CV 12-4270 PSG (JEMx), Dkt. # 45. As the motions are nearly identical, the Court addresses all three motions as an omnibus motion. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the Motion.

I.    Background

Plaintiff Pi-Net ("Plaintiff" or "Pi-Net") is a provider of software products, services, and solutions that enable distributed transaction processing and control over public and private networks, including the Internet. *Compl.* ¶ 2.[1] On May 9, 2012, May 16, 2012, and November 21, 2012, Plaintiff filed suit against Avis, Dollar Thrifty, and Hertz, respectively. *See* CV 12-4036 PSG (JEMx), Dkt. # 1; CV 12-4270 PSG (JEMx), Dkt. # 1; CV 12-10012 PSG (JEMx),

---

[1] Unless stated otherwise, all citations refer to the docket in CV 12-10012 PSG (JEMx).

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#45; JS-6 (lc)

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10012 PSG (JEMx) <br> CV 12-4270 PSG (JEMx) <br> CV 12-4036 PSG (JEMx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | Pi-Net International, Inc. v. The Hertz Corporation, et al. <br> Pi-Net International, Inc. v. Dollar Thrifty Auto Group, Inc., et al. <br> Pi-Net International, Inc. v. Avis Budget Group, Inc., et al. | | |

Dkt. # 1.  Plaintiff alleges that Defendants infringe the '500 Patent and the '492 Patent.  *Compl.* ¶¶ 8, 9.  Both patents describe a method and apparatus for providing real-time, two-way transactional capabilities on the Internet.  *Id.* ¶ 3.  Plaintiff has filed a total of twelve cases in the Central District against various defendants, alleging infringement of the '500 Patent and the '492 Patent.  *See* CV 12-3970 PSG (JEMx), CV 12-4036 PSG (JEMx), CV 12-4270 PSG (JEMx), CV 12-4301 PSG (JEMx), CV 12-4303 PSG (JEMx), CV 12-4394 PSG (JEMx), CV 12-9699 PSG (JEMx), CV 12-9703 PSG (JEMx), CV 12-9705 PSG (JEMx), CV 12-10012 PSG (JEMx), EDCV 12-1989 PSG (JEMx), EDCV 12-1990 PSG (JEMx).  SAP America, Inc. ("SAP"), a nonparty, filed petitions for *inter partes* review for both patents on March 18, 2013.  *Ives Decl.*, ¶ 4.  On April 25, 2013, before the *Markman* hearings, Defendants filed three separate Notices of Motions to Stay the cases pending *inter partes* review.

II.   Legal Standard

A.   *Inter Partes* Review

The Leahy–Smith America Invents Act ("AIA") intended to improve the former *inter partes* reexamination proceeding with a new *inter partes* review proceeding.  35 U.S.C. §§ 311–319.  *Inter* partes review allows a party other than the patentee to bring an adversarial proceeding in the patent and trademark office ("PTO") to establish that the patent claims are invalid under 35 U.S.C. §§ 102 or 103.  35 U.S.C. § 311.  While *inter partes* review is new, at least one court has already analyzed motions to stay pending *inter partes* review using the framework applicable to motions to stay pending reexamination.  *See Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.,* No. SACV 12–0021 JST (JPRx), 2012 WL 7170593, at *1, n. 1 (C.D. Cal. Dec. 19, 2012) ("The Court sees no reason why the three factor assessment would not still be relevant [to the new *inter* partes review proceeding].").  Three significant factors in deciding whether to stay an action are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd.,* No. SACV 09–0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010) (quoting *Telemac Corp. v. Teledigital, Inc.,* 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006)).  The inquiry is not limited to these three factors.  Rather, "the totality of the circumstances governs."  *Allergan Inc. v. Cayman Chem. Co.,* No. SACV 07–01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#45; JS-6 (lc)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-10012 PSG (JEMx) <br> CV 12-4270 PSG (JEMx) <br> CV 12-4036 PSG (JEMx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | Pi-Net International, Inc. v. The Hertz Corporation, et al. <br> Pi-Net International, Inc. v. Dollar Thrifty Auto Group, Inc., et al. <br> Pi-Net International, Inc. v. Avis Budget Group, Inc., et al. | | |

     "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted). "There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome' of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Aten,* 2010 WL 1462110, at *6 (citations omitted). But "[c]ourts are not required to stay judicial proceedings pending re-examination of a patent." *Id.*

III.   <u>Discussion</u>

    A.    <u>Stage of the Proceedings</u>

     The first factor is the stage of the proceedings, including "whether discovery is complete and whether a trial date has been set." *Aten,* 2010 WL 1462110, at *6. The two cases involving Avis and Dollar Thrifty have been pending for over a year and are both set for trial on June 24, 2014. By contrast, the case involving Hertz was filed in November 2012 and a trial date has not yet been set. In all three cases, discovery is not complete, the Court has not yet construed the parties' claims, and no depositions have taken place. *See* CV 12-10012 PSG (JEMx), *Ives Decl.*, ¶ 3; CV 12-4036 PSG (JEMx), *Ives Decl.*, ¶ 3; CV 12-4270 PSG (JEMx), *Ives Decl.*, ¶ 3. Plaintiff argues that as to the cases involving Avis and Dollar Thrifty, the parties have "undergone substantial discovery." CV 12-4036 PSG (JEMx), *Am. Opp.* at 8; CV 12-4270 PSG (JEMx), *Opp.* at 8. The parties have exchanged infringement contentions, Plaintiff has served one set of Special Interrogatories to which Dollar Thrifty and Avis have responded, Dollar Thrifty and Avis have served a Request for Production of Documents, and Plaintiff has given Dollar Thrifty and Avis access to a repository of documents; no additional discovery has taken place. *See* CV 12-4036 PSG (JEMx), *Ma Decl.,* ¶¶ 16-19; CV 12-4270 PSG (JEMx), *Ma Decl.,* ¶¶ 16-19. Accordingly, although the Avis and Dollar Thrifty cases may not be in their infancy, the Court concludes that this factor weighs in favor of a stay as to all three cases, because "considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court." *Semiconductor,* 2012 WL 7170593, at *2. Other courts have found a stay appropriate under similar circumstances. *See Aten,* 2010 WL 1462110, at *6 (finding a stay appropriate where no depositions had taken place, trial was a year

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#45; JS-6 (lc)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-10012 PSG (JEMx)<br>CV 12-4270 PSG (JEMx)<br>CV 12-4036 PSG (JEMx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | Pi-Net International, Inc. v. The Hertz Corporation, et al.<br>Pi-Net International, Inc. v. Dollar Thrifty Auto Group, Inc., et al.<br>Pi-Net International, Inc. v. Avis Budget Group, Inc., et al. | | |

away, claim construction had not occurred; and the parties had served infringement contentions, propounded four sets of interrogatories, and served a request for production); *Big Baboon*, *Inc. v. Dell*, *Inc.*, No. CV 09-1198 SVW (SSx), 2011 U.S. Dist. LEXIS 155536, at *46 (C.D. Cal. Feb. 8, 2011) (finding a stay appropriate where discovery had been continuing for over a year, no trial date had been set, and no claim construction had been undertaken).

Because discovery is not yet complete, claim construction has not taken place, and trial is more than one year away, this weighs in favor of granting a stay.

B.   <u>Simplification of the Issues in Question</u>

The second factor the Court considers is "whether a stay will simplify the issues in question and trial of the case." *Aten*, 2010 WL 1462110, at *6. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C–94–20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995). Particularly where SAP is suggesting that the patents are invalid because of prior art, the Court will benefit from the expertise of the PTO with regard to assessing the prior art. *See Allergan*, 2009 WL 8591844, at *1. Further, the assistance of the PTO is particularly helpful when a party has requested PTO review of many claims of the patents-in-suit. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–CV–02168–EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending *inter partes* reexamination in part because the defendant's request for reexamination included all claims at issue in the litigation). Here, SAP has requested review of all but one of the claims of the '492 Patent, and 14 of the 35 claims of the '500 Patent. *See Ives Decl.*, Exs. 1-2.

Defendants argue that the *inter* partes reviews could eliminate some or all of the infringement issues. Additionally, Defendants note that even if the claims are not eliminated, the newly modified claims would be placed at issue and some aspects of the case may have to be relitigated. *See Aten Int'l*, 2010 WL 1462110, at *7 (stating that if the motion to stay was denied, "the Court risks enabling futile litigation that may have to be repeated if the patent changes. The Court cannot ignore this possibility.").

Pi-Net claims that the issues will not be simplified because "[a] stay of this one case cannot simplify any issues, which will all still be determined during proceedings before this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#45; JS-6 (lc)

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-10012 PSG (JEMx) <br> CV 12-4270 PSG (JEMx) <br> CV 12-4036 PSG (JEMx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | Pi-Net International, Inc. v. The Hertz Corporation, et al. <br> Pi-Net International, Inc. v. Dollar Thrifty Auto Group, Inc., et al. <br> Pi-Net International, Inc. v. Avis Budget Group, Inc., et al. | | |

court in light of the other pending cases." *Opp.* at 5.  However, Pi-Net fails to account for the possibility that all litigation involving the '500 Patent and the '492 Patent could be stayed. "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted).

Further, the cases cited by Pi-Net both are not persuasive authority, pre-date the passage of the AIA, and are distinguishable.  In *Innovative Office Products,* the Court focused its analysis on the potential irreparable harm that the plaintiff faced.  *Innovative Offices Prods., Inc. v. Spaceco, Inc., et al.,* Civil Action No. 05-4037, 2008 U.S. Dist. LEXIS 67500, at *14-15 (E.D. Pa. Aug. 28, 2008).  It noted that although the reexaminations had the potential to simplify the remaining issues in the case, the potential for irreparable harm outweighed the benefit that could be gained from imposing a stay.  *Id.*  Here, there is no potential for irreparable harm, as Pi-Net is not a competitor of Defendants, and any harm suffered could be compensated with monetary damages.  Similarly, *Roy-G-Biv Corp.* is distinguishable.  The court noted that reexamination could complicate a case by creating new prosecution history estoppel and disavowal arguments. *See Roy-G-Biv Corp. v. Fanuc, Ltd.,* Civil Action No. 2:07-CV-418 (DF), 2009 U.S. Dist. LEXIS 69004, at *6-*9 (E.D. Tex. Apr. 14, 2009).  However, "[t]he estoppel effect of *inter partes* review carries less weight when there are several defendants that are not parties to, and thus not bound by, the estoppel effects of the proceeding." *Semiconductor,* 2012 WL 7170593, at *2 (citation omitted).  Here, too, Defendants are not parties to the *inter partes* review and thus would not be bound by the estoppel effects of the proceeding.

Thus, if the PTO grants *inter partes* review, the issues would likely be simplified and would promote judicial efficiency.  This factor weighs in favor of a stay.

C.   <u>Undue Prejudice or Clear Tactical Disadvantage</u>

Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten,* 2010 WL 1462110, at *6.  Mere delay in the litigation does not establish undue prejudice.  *Research in Motion, Ltd. v. Visto Corp.,* 545 F.Supp.2d 1011, 1012 (N.D. Cal. 2008); *see also Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker Corp.,* No. 06–CV–1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D.

5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#45; JS-6 (lc)

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-10012 PSG (JEMx)<br>CV 12-4270 PSG (JEMx)<br>CV 12-4036 PSG (JEMx) | Date | June 5, 2013 |
|----------|---------------------------|------|--------------|
| Title | Pi-Net International, Inc. v. The Hertz Corporation, et al.<br>Pi-Net International, Inc. v. Dollar Thrifty Auto Group, Inc., et al.<br>Pi-Net International, Inc. v. Avis Budget Group, Inc., et al. | | |

Cal. Sept. 10, 2007) ("Protracted delay is always a risk inherent in granting a stay, yet courts continue to stay actions pending reexamination. The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.").

While Plaintiff suggests that it faces long, indefinite delay, Defendants argue that the one-year timeline of the *inter partes* review imposed by the AIA reduces the likelihood of undue prejudice to Plaintiff compared to the old reexamination process, which could take years to complete. *See* 35 U.S.C. § 316(a)(11). Defendants also contend that Plaintiff will not be prejudiced because it can be fully compensated by monetary damages if it prevails both in the *inter partes* review and at trial.

Pi-Net attempts to argue that it faces irreparable injury because technology may advance significantly during the stay such that the technology at issue may become obsolete for purposes of a future trial, which may impact the jury's ability to recognize damages. However, Defendants note that if the patents are ultimately valid, Pi-Net would have the ability to pursue damages for any infringing products sold during the period of reexamination and prior to when the technology became obsolete. Pi-Net can also participate in the *inter partes* review proceedings and appeal an *inter partes* review decision to the Federal Circuit. 35 U.S.C. §§ 313, 319.

Additionally, although Pi-Net argues that a stay may result in the unavailability of evidence, Defendants explain that the case primarily involves source code and not percipient witnesses or stray documents that could become unavailable over time. Additionally, Defendants have initiated litigation holds and have offered to put copies of their source code in escrow. CV 12-10012 PSG (JEMx), *Ma Decl.*, ¶ 15; CV 12-4036 PSG (JEMx), *Ma Decl.*, ¶ 15; CV 12-4270 PSG (JEMx), *Ma Decl.*, ¶ 15.

Thus, any delay that Plaintiff will experience would be minimal and there is no indication that Plaintiff will face undue hardship as a result of a stay. The Court finds that this factor weighs in favor of a stay.

D.    Balancing of the Factors

All three factors therefore weigh in favor of a stay. Moreover, in assessing the totality of the circumstances, the Court notes that Plaintiff's concern of dual track litigation is unwarranted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#45; JS-6 (lc)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-10012 PSG (JEMx)<br>CV 12-4270 PSG (JEMx)<br>CV 12-4036 PSG (JEMx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | Pi-Net International, Inc. v. The Hertz Corporation, et al.<br>Pi-Net International, Inc. v. Dollar Thrifty Auto Group, Inc., et al.<br>Pi-Net International, Inc. v. Avis Budget Group, Inc., et al. | | |

as the Court has broad discretion to manage its own docket.  To the extent a stay is appropriate in the nine other cases filed by Plaintiff, the Court has the power to stay the proceedings. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted).

IV.   Conclusion

        Thus, based on the foregoing, the Cheourt GRANTS Defendants' Motion.  Defendants are ordered to maintain their litigation holds and to put copies of their source code in escrow. The three cases shall be administratively closed pending the outcome of the *inter partes* review.

        **IT IS SO ORDERED.**